No. 22-6693

IN THE

# United States Court of Appeals
# for the Fourth Circuit

UNITED STATES OF AMERICA,
*Appellee*,

v.

LARENTO VALENTINO GRADY,
*Appellant*.

_____

On Appeal from the United States District Court
for the Eastern District of North Carolina (Boyle, J.)

_____

## OPENING BRIEF FOR APPELLANT

_____

G. ALAN DUBOIS
FEDERAL PUBLIC DEFENDER
EASTERN DISTRICT OF NORTH CAROLINA

ANDREW DESIMONE
ASSISTANT FEDERAL PUBLIC DEFENDER
EASTERN DISTRICT OF NORTH CAROLINA
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
(919) 856-4236

July 29, 2022                           *Counsel for Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF JURISDICTION ................................................................... 1

STATEMENT OF ISSUES ................................................................................ 2

STATEMENT OF THE CASE ........................................................................... 3

SUMMARY OF ARGUMENT .......................................................................... 8

ARGUMENT ................................................................................................... 10

I. The district court judge, who was not the sentencing judge, erred by denying Mr. Grady's motion for compassionate release without considering his new and significant evidence of post-sentencing mitigation .......................................................... 10

II. The district court erred by denying Mr. Grady's motion for compassionate release because it acted under misapprehensions of fact and law ........................................... 15

CONCLUSION ................................................................................................ 19

STATEMENT REGARDING ORAL ARGUMENT ................................................ 20

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

## CASES

*Chavez-Meza v. United States,*
    138 S. Ct. 1959 (2018) .............................................................................. 14

*Concepcion v. United States,*
    2022 U.S. LEXIS 3070 (U.S. June 27, 2022) ........................................ 11

*United States v. Brooker,*
    976 F.3d 228 (2d. Cir. 2020) ............................................................... 8, 16

*United States v. Campbell,*
    22 F.4th 438 (4th Cir. 2022) ................................................................ 4, 17

*United States v. Cohen,*
    2022 U.S. App. LEXIS 17779 (4th Cir. 2022) ...................................*passim*

*United States v. Curry,*
    2021 U.S. Dist. LEXIS 122812 (M.D.N.C. 2021).................................. 16

*United States v. Davis,*
    2022 U.S. App. LEXIS 1078 (4th Cir. 2022).................................... 13, 14

*United States v. Dillard,*
    891 F.3d 151 (4th Cir. 2018)........................................................8, 18, 19

*United States v. Hargrove,*
    478 F.3d 195 (4th Cir. 2007)..................................................................... 18

*United States v. Hargrove,*
    30 F.4th 189 (4th Cir. 2022) ............................................................. 14, 15

*United States v. High,*
    997 F.3d 181 (4th Cir. 2021)................................................................*passim*

*United States v. Howard,*
    773 F.3d 519 (4th Cir. 2014)................................................................... 13

*United States v. Jenkins,*
 22 F.4th 162 (4th Cir. 2021) ............................................................ 8, 11

*United States v. Kibble,*
 992 F.3d 326 (4th Cir. 2021), *cert denied,* 142 S. Ct. 383 (2021) .................... 10, 15

*United States v. McCoy,*
 981 F.3d 271 (4th Cir. 2020) .................................................................. 11

*United States v. Martin,*
 916 F.3d 389 (4th Cir. 2019) .............................................................. 14, 15

*United States v. Maumau,*
 2020 U.S. Dist. LEXIS 28392 (D. Utah 2020) .................................................. 16

*United States v. Spencer,*
 2022 U.S. App. LEXIS 3380 (4th Cir. 2022) ........................................... 11, 12, 13

*United States v. Zullo,*
 976 F.3d 228 (2d Cir. 2020) .................................................................. 11

## STATUTES

18 U.S.C. § 922(g)(1) ........................................................................... 3

18 U.S.C. § 924(a)(2) ........................................................................... 3

18 U.S.C. § 924(c) ............................................................................. 18

18 U.S.C. § 3231 ................................................................................ 1

18 U.S.C. § 3553(a) ..................................................................... *passim*

18 U.S.C. § 3582(c)(1)(A) ............................................................... *passim*

18 U.S.C. § 3742 ................................................................................ 1

21 U.S.C. § 841(a)(1) ........................................................................... 3

21 U.S.C. § 841(b)(1)(C) ........................................................................ 3

28 U.S.C. § 1291 .................................................................................. 3

## SENTENCING GUIDELINES

U.S.S.G. § 3E1.1 ................................................................................. 18

U.S.S.G. §4B1.1 ................................................................................. 17

# STATEMENT OF JURISDICTION

The district court had jurisdiction over the motion for compassionate release pursuant to 18 U.S.C. §§ 3231 and 3582(c)(1)(A). The district court entered a final order denying compassionate release on June 13, 2022. Appellant Larento Valentino Grady filed notice of appeal on June 14, 2022. Pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, this Court has jurisdiction over this timely appeal from a final order.

## STATEMENT OF ISSUES

I.      Whether the district court judge, who was not the sentencing judge, erred by denying Mr. Grady's motion for compassionate release without considering his new and significant evidence of post-sentencing mitigation?

II.      Whether the district court erred by denying Mr. Grady's motion for compassionate release because it acted under misapprehensions of fact and law?

## STATEMENT OF THE CASE

*Procedural History*

On January 6, 2017, Appellant Larento Valentino Grady pled guilty to distribution of a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and aiding and abetting possession of a firearm by a felon, in violation of 18 U.S.C. §§ 2, 922(g)(1) and 924(a)(2). JA036. The Honorable James C. Fox sentenced Grady to concurrent terms of 151 months and 120 months in prison. JA037. This Court dismissed Grady's appeal. *United States v. Grady*, 692 F. App'x 164 (4th Cir. 2017).

On March 17, 2022, Grady filed a motion for compassionate release and appointment of counsel. JA043-048. The district court[1] appointed the Federal Public Defender's office to represent Grady. Order, ECF-88. On May 9, 2022, Grady filed a proposed sealed Memorandum in Support of Motion for Compassionate Release with accompanying exhibits. JA078-218. On May 16, 2022, the government filed a proposed sealed Response in Opposition to Defendant's Motion for a Reduction in Sentence along with exhibits. JA219-250. Grady then filed a proposed sealed Reply with exhibits. JA251-286. On June 13, 2022, the district court entered an order denying Grady's motion for compassionate release and granting the motions to seal. JA049-053. Grady filed notice of appeal the next day. JA054-055.

---

[1] Because Judge Fox had since passed away, a different district court judge, the Honorable Terrence W. Boyle, appointed counsel for Grady and ultimately denied Grady's motion for compassionate release.

*Relevant Factual Background*

Mr. Grady's appeal asks whether the district court erred by denying his motion for compassionate release (1) without addressing his arguments and (2) while acting under misapprehensions of fact and law. This statement of facts therefore focuses on events relevant to those issues.

In his *pro se* motion for compassionate release, Grady argued that if sentenced now for the same offense, he would no longer be a career offender, which was an extraordinary and compelling reason for a sentence reduction. JA043. Grady emphasized he had no infractions, had worked for Unicor, and had participated in "several programs as well as taken multiple A.C.E. classes[.]" JA044. Grady also argued the district court was "not stuck with [a] binary choice of grant[ing] immediate release or flat denial, because … [Section] 3582(c)(1)(A) allow[ed] the court to fashion a new sentence[.]" JA044.

In his Memorandum in Support of Motion for Compassionate Release, Grady "respectfully request[ed] the Court grant a sentence reduction." JA079. Grady argued extraordinary and compelling reasons warranted a sentence reduction because "(1) he is no longer a career offender under *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), and (2) in light of COVID-19, combined with his current medical conditions" of being an overweight, former smoker, with residual health issues from having contracted COVID-19 in January 2022. JA080-086.

As to the Section 3553(a) factors, Grady argued that his offense "did not involve violence or a role enhancement." JA091. He argued that when confronted by law enforcement, he "made the decision to provide an unprotected statement, and he admitted to trading marijuana and cash for firearms." JA091.

Grady also argued that with good time credits, he had served 86 months in prison, which was 56% of his sentence. JA078. He said he was 50 years old "and at an age [at] which the U.S. Sentencing Commission has recognized the risk for recidivism reduces." JA089, JA093. He further argued that during his more than six years in prison, he had "completed coursework to help him manage [to] be a better parent, a positive member of the workforce, and to manage his finances[,]" and provided specific details about all of those courses. JA091-092. He also detailed his full time work as a UNICOR FPI Assembly Orderly, as a unit orderly, and with Prison Industry Enterprise. JA092.

Grady further argued that his punishment "has had a deterrent effect, particularly given the more harsh confinement conditions brought on by the pandemic and his health conditions." JA089. He had learned how much he hurt his children and family. He learned that selling drugs hurt the people he sold to and their families. Through his training and employment, he also learned other ways to earn a living. JA092.

Grady also emphasized that he had "served his time with no infractions." JA093. He argued that his clean prison record demonstrated that he "is more likely to be successful when serving his supervised release term." JA093.

Grady also maintained his sobriety while in custody. He argued that he intends to maintain his sobriety in the future "to ensure a clear-mind when he reunites with his family by regularly attending self-help meetings, staying away from triggers for substance abuse, and finding housing away from Kinston and former poor influences." JA093. Along those lines, Grady argued that whenever he is released, he would live with his daughter in Winston-Salem. She had identified a potential job for him. JA093-094.

Grady also submitted numerous documents supporting his arguments. He attached 20 exhibits containing 120 pages to his memorandum. JA097-218.

The government filed a response reciting Grady's criminal history and offense conduct. JA220-221. The government argued Grady had "not established that 'extraordinary and compelling reasons' support a sentence reduction." JA219. The government also argued, "Reducing Defendant's sentence would minimize the seriousness of the offense, and would fail to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the Defendant." JA220. While the government did not specifically address all of Grady's arguments under Section 3553(a), the government asked the Court "to expressly address any nonfrivolous argument made by the Defendant regarding post-sentencing conduct, including any rehabilitative efforts while incarcerated." JA243.

Grady then filed a reply, arguing there were extraordinary and compelling reasons for a sentence reduction and highlighting his "positive post-sentencing conduct[.]" JA251-259. He supported his reply with 25 additional pages of exhibits. JA261-286.

The district court entered an order denying Grady's motion for compassionate release. JA049-053. The district court found that Grady had exhausted his administrative remedy. JA051. The district court also assumed, without deciding, that Grady "demonstrated extraordinary and compelling circumstances either due to his sentence or his health conditions." JA052.[2]

However, the district court found that the 18 U.S.C. § 3553(a) factors "weigh strongly against release." JA051-052. Specifically, the district court found Grady's offense conduct was "serious." JA052. The court found the "instant offense involved defendant making multiple sales of cocaine to a confidential informant and agreeing to purchase a firearm from said informant." JA052. The district court also found Grady "has a significant criminal history that shows willingness to re-offend." JA052. The district court recounted Grady's drug convictions from 1994, 2006, and 2008. JA052. The court also recited Grady's other convictions. JA052. The district court then concluded, "Given defendant's pattern of re-offending and the serious nature of the underlying conduct, the sentence originally imposed remains sufficient, but not greater than necessary, to achieve the goals of sentencing. Accordingly, defendant's motion for compassionate release is denied." JA052.

---

[2] As Grady was not aggrieved by the district court's rulings that he exhausted his administrative remedy and demonstrated extraordinary and compelling reasons for a sentence reduction, he does not challenge those rulings on appeal.

# SUMMARY OF ARGUMENT

*First*, in ruling on a motion for compassionate release, a district court must "'set forth enough to satisfy [this] Court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority, so as to allow for meaningful appellate review.'" *United States v. Jenkins*, 22 F.4th 162, 171 (4th Cir. 2021) (citations omitted). "[W]hen a defendant 'present[s] a significant amount of post-sentencing mitigation evidence, … a more robust and detailed explanation [is] required.'" *United States v. Cohen*, 2022 U.S. App. LEXIS 17779, *2 (4th Cir. 2022) (citation omitted).

Mr. Grady, who has served more than half his sentence, argued (and presented evidence) that he had taken numerous classes, worked full time, had no infractions, had a lower risk of recidivism due to his age, had been deterred from further crime, and had maintained his sobriety. But the district court judge, who was not the sentencing judge, denied his compassionate release motion without considering any of his arguments or evidence. This Court should therefore reverse and remand.

*Second*, "It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence[.]" *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). A district court abuses its discretion when it "relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (cleaned up).

Here, Mr. Grady asked only that the district court reduce his sentence; he did not request immediate release. Yet the district court ruled that the Section 3553(a) factors "weigh strongly against release." JA051-052. The district court thereby acted under the factual misapprehension that Grady requested immediate release. The court also appeared to act under a legal misapprehension that it either had to grant immediate release or deny the motion. This Court should therefore vacate and remand.

# ARGUMENT

## I. The district court judge, who was not the sentencing judge, erred by denying Mr. Grady's motion for compassionate release without considering his new and significant evidence of post-sentencing mitigation.

### Standard of Review

This Court "review[s] for abuse of discretion a district court's decision on a motion for compassionate release." *United States v. Cohen*, 2022 U.S. App. LEXIS 17779, *1 (4th Cir. 2022) (citing *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 383 (2021)).

### Argument

The district court erred by failing to consider Grady's arguments and evidence of post-sentencing mitigation in denying his motion for compassionate release. Grady, who had served the majority of his sentence, presented several arguments that the Section 3553(a) factors favored a sentence reduction—he had taken numerous classes, worked full time, had no infractions, had a lower risk of recidivism due to his age, had been deterred from further crime, and had maintained his sobriety. Grady also submitted numerous documents supporting his arguments. Moreover, the district court judge who denied Grady's compassionate release motion was not the same judge who sentenced him; the judge therefore had no prior familiarity with positive developments in Grady's life. Yet the district court relied solely on Grady's past criminal history and did not consider his new and significant evidence of post-sentencing mitigation. This Court should therefore reverse and remand for further proceedings.

"[T]he First Step Act significantly expanded access to compassionate release under 18 U.S.C. § 3583(c)(1)(A)" by "authorizing defendants themselves to file motions for sentence reductions." *United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020). District courts are now "'empowered … to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). If a court finds extraordinary and compelling reasons for a sentence reduction, "it must then consider the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's sentence." *United States v. Jenkins*, 22 F.4th 162, 170 (4th Cir. 2021) (citing 18. U.S.C. § 3583(c)(1)(A); *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021)).

"It is well established that a district court must generally consider the parties' nonfrivolous arguments before it." *Concepcion v. United States*, 2022 U.S. LEXIS 3070, *29 (U.S. June 27, 2022). A district court must "'set forth enough to satisfy [this] Court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority, so as to allow for meaningful appellate review.'" *Jenkins*, 22 F.4th at 171 (citations omitted). "However, when a defendant 'present[s] a significant amount of post-sentencing mitigation evidence, … a more robust and detailed explanation [is] required.'" *United States v. Cohen*, 2022 U.S. App. LEXIS 17779, *2 (4th Cir. 2022) (quoting *High*, 997 F.3d at 190).

This case is similar to *United States v. Spencer*, 2022 U.S. App. LEXIS 3380 (4th Cir. 2022), where this Court held this same district court judge "did not address any of

Spencer's arguments, ruling simply that it had considered the 'relevant factors[.]'" *Id.* at *5. While the district court's reference to the Section 3553(a) factors gave rise to a "presumption that the appropriate analysis was conducted[,]" this Court held the defendant rebutted the presumption. *Id.* at *5.

Specifically, the defendant rebutted the presumption because he had "served the majority of his sentence and provide[d] evidence of years of rehabilitative effort[.]" *Id.* at *5. "Moreover, the district court did not provide any explanation for rejecting [the defendant's] mitigating circumstances aside from noting that, given his violent criminal behavior in 1992, the sentence remained appropriate." *Id.* at *5-6. Thus, "it appear[ed] that the district court may not have reweighed the sentencing factors." *Id.* at *6. This Court held, "Considering [the defendant's] laudable accomplishments—particularly his successful completion of numerous classes and his alleged exemplary disciplinary record, neither of which were discussed by the district court—the record required 'a more robust and detailed explanation' from the district court." *Id.* at *6 (quoting *High*, 997 F.3d at 190).

Like in *Spencer*, Grady has "served the majority of his sentence and provide[d] evidence of years of rehabilitative effort[.]" *Id.* at *5. He detailed the parenting, employment, and financial management skills he acquired through years of extensive coursework. JA091-092. He also described years of full time work as a UNICOR FPI Assembly Orderly, as a unit orderly, and with Prison Industry Enterprise. JA092. And he highlighted the fact that he had served his sentence with no infractions. JA093. Given

Grady's "laudable accomplishments—particularly his successful completion of numerous classes and his alleged exemplary disciplinary record, neither of which were discussed by the district court—the record required 'a more robust and detailed explanation' from the district court." *Id.* at *6 (quoting *High*, 997 F.3d at 190). As in *Spencer*, it "appears that the district court may not have reweighed the sentencing factors." *Id.* at *6.

But Grady did not stop at highlighting his coursework, employment, and clean disciplinary record, making his case for a sentence reduction even stronger than in *Spencer*. Grady also argued he was 50 years old "and at an age [at] which the U.S. Sentencing Commission has recognized the risk for recidivism reduces." JA089, JA093. *See United States v. Howard*, 773 F.3d 519, 532-33 (4th Cir. 2014) (recognizing that "the risk of recidivism is inversely related to an inmate's age."). He further argued he had learned how his actions hurt his family and others and that his punishment had deterred him from any further criminal conduct. JA089, JA092. He also argued he had maintained his sobriety while in custody and intended to maintain his sobriety in the future. JA093. Yet the district court also did not address those arguments.

Not only did Grady describe his rehabilitative efforts, but he "presented a large amount of documentary evidence that required consideration by the district court." *United States v. Davis*, 2022 U.S. App. LEXIS 1078, *8 (4th Cir. 2022). He backed up the arguments in his memorandum with 20 exhibits spanning 120 pages. JA097-218. And he supported his reply with 25 additional pages of exhibits. JA261-286. As a result, "the

complexity of [Grady's] case required the district court to provide a more robust and detailed explanation for why it denied [his] motion to reduce." *United States v. Martin*, 916 F.3d 389, 396 (4th Cir. 2019).

What's more, the district court judge who denied Grady's compassionate release motion "was not the judge who originally sentenced him." *Cohen*, 2022 U.S. App. LEXIS 17779 at *2. The district court therefore had no prior knowledge of any "positive developments in [Grady's] life." *United States v. Hargrove*, 30 F.4th 189, 200 (4th Cir. 2022); *cf. High*, 997 F.3d at 189 (holding "it is significant that the district judge who considered High's motion for a sentence reduction 'was the same judge who had sentenced [him] originally[,]'" and had granted "a much more significant downward departure than the government had requested"), quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018)).

Despite Grady's robust arguments under Section 3553(a), the district court "appeared to rely solely on [Grady's] past criminal history and did not consider the new and significant 'evidence of post-sentencing mitigation that would be relevant to the § 3553(a) factors' when it evaluated his motion." *Davis*, 2022 U.S. App. LEXIS at *8 (citation omitted). Indeed, in finding that "[t]he 18 U.S.C. § 3553(a) factors in this case weigh strongly against release[,]" JA052, the district court simply recited that the offense conduct was "serious[,]" involving multiple controlled buys, and came after prior convictions in 1994, 2006, and 2008, which "show[ed] willingness to re-offend." JA052.

But a recitation of Grady's "original criminal behavior" is "not the standard that the Supreme Court and the Fourth Circuit articulate for sentence-reduction motions." *Martin*, 916 F.3d at 397. As in *Martin*, the "district court was content to memorialize [Grady's] past transgressions without giving any weight to the multitude of redemptive measures that [Grady] has taken since [he] was initially sentenced[.]" *Id.*

In sum, this Court should be "unable to conclude that the district court 'considered' [Grady's] arguments in favor of compassionate release and had 'a reasoned basis' for its decision to deny relief." *Cohen*, 2022 U.S. App. LEXIS 17779 at *3 (quoting *Hargrove*, 30 F.4th at 199). "Moreover, the district court's failure to address [Grady's] multifaceted arguments more explicitly precludes 'meaningful appellate review' of its decision." *Id.* (quoting *High*, 997 F.3d at 190). This Court should therefore "vacate the district court's order and remand for further proceedings." *Id.*

## II. The district court erred by denying Mr. Grady's motion for compassionate release because it acted under misapprehensions of fact and law.

### Standard of Review

This Court "review[s] for abuse of discretion a district court's decision on a motion for compassionate release." *United States v. Cohen*, 2022 U.S. App. LEXIS 17779, *1 (4th Cir. 2022) (citing *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 383 (2021)).

*Argument*

Throughout his *pro se* motion for compassionate release, his memorandum in support, and his reply, Grady repeatedly asked the district court to "reduce his sentence." He did not ask the district court to grant him immediate release. But in denying Grady's motion for compassionate release, the district court twice ruled that the Section 3553(a) factors "*weigh against release*" and "*weigh strongly against release*." JA051-052 (emphases added). In so ruling, the district court acted under the factual misapprehension that Grady requested immediate release. The court also appeared to act under a legal misapprehension that it either had to grant immediate release or deny the motion. Because the district court abused its discretion by relying upon erroneous factual and legal premises, this Court should vacate and remand.

"Despite the colloquial term compassionate 'release,' the actual text of the statute states simply that the court may 'reduce the term of imprisonment.'" *United States v. Curry*, 2021 U.S. Dist. LEXIS 122812, *19 (M.D.N.C. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Thus, a "district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). A district court "need not actually modify the sentence to effectuate [the defendant's] immediate release from prison. Rather, a downward adjustment may be made even if it results in [the defendant's] continued incarceration." *United States v. Maumau*, 2020 U.S. Dist. LEXIS 28392, *18 (D. Utah 2020).

Grady argued in his *pro se* motion for compassionate release that the district court was "not stuck with [a] binary choice of grant[ing] immediate release or flat denial, because … [Section] 3582(c)(1)(A) allows the court to fashion a new sentence[.]" JA044. In his memorandum and reply, he then repeatedly asked the district court to reduce his sentence, not grant immediate release:

- "Mr. Grady respectfully requests this Court grant this motion and reduce his sentence." JA078

- "Because Mr. Grady's case presents extraordinary and compelling circumstances, he respectfully requests the Court grant a sentence reduction." JA079.

- "This Court has Sentence Reduction Authority, and Mr. Grady's Case Presents Extraordinary and Compelling Circumstances." JA079.

- "Mr. Grady's guideline range cannot be enhanced under U.S.S.G. § 4B1.1 because his offense of conviction is an attempt crime that does not qualify as a controlled substance offense. *Campbell*, 22 F.4th at 440. This circumstance qualifies as an 'extraordinary and compelling' reason for consideration of a sentence reduction." JA083.

- "Mr. Grady's health conditions also present 'extraordinary and compelling' reasons for a sentence reduction." JA083.

- "Mr. Grady respectfully requests this Court find that because he is no longer a career offender and the continuing risk COVID-19 presents to his health creates (sic) 'extraordinary and compelling' circumstances that warrants reducing his sentence." JA086.

- "A sentence reduction would not diminish the seriousness of the offense, respect for the law, or the goal of providing just punishment." JA089.

- "Mr. Grady has established extraordinary and compelling reasons to justify consideration of a sentence reduction." JA253.

- "Mr. Grady's § 3553(a) factors justify consideration of a sentence reduction." JA259.

Yet the district court appeared to construe Grady's request for relief as a request for immediate release because it twice stated the Section 3553(a) factors "weigh strongly against release." JA051-052. A district court abuses its discretion when it "relies on erroneous factual … premises[.]" *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (cleaned up).

The district court's ruling that the Section 3553(a) factors weighed strongly against "release" also indicates the district court thought its only legal options were to deny the motion or grant immediate release. In *United States v. Hargrove*, 478 F.3d 195 (4th Cir. 2007), the district court determined that it had "no legal authority to grant the § 3E1.1 reduction for acceptance of responsibility on the drug offenses[,]" to which the defendant pled guilty, because the defendant went to trial on a charge under 18 U.S.C. § 924(c). *Id.* at 198. However, this Court ruled that, "under the terms of U.S.S.G. § 3E1.1, the defendant must only accept responsibility for the grouped guidelines counts in order to be *eligible* for the reduction in offense level for that particular 'offense.'" *Id.* at 200. Because the defendant pled guilty to the narcotic counts grouped under the guidelines, he accepted responsibility for that "offense" and was eligible for the reduction. *Id.* at 201. Thus, because the district court erroneously believed it lacked authority to grant the reduction, this Court vacated the sentence and remanded for resentencing. *Id.*

Similarly, the district court here appeared to believe that its only options were to deny the motion or grant immediate release. Accordingly, the district court erroneously believed it lacked authority to reduce the sentence, short of effecting Grady's immediate release. *See id.* A district court also abuses its discretion when it "relies on erroneous … legal premises, or commits an error of law." *Dillard*, 891 F.3d at 158 (cleaned up). Because the district court acted under misapprehensions of fact and law, this Court should vacate and remand.

## CONCLUSION

For the foregoing reasons, this Court should vacate the order denying Mr. Grady's motion for compassionate release and remand for further proceedings.

## STATEMENT REGARDING ORAL ARGUMENT

Because this case involves a straightforward application of settled law, Mr. Grady does not request oral argument.

Respectfully submitted,

G. ALAN DUBOIS
FEDERAL PUBLIC DEFENDER

/s/ Andrew DeSimone
ANDREW DESIMONE
ASSISTANT FEDERAL PUBLIC DEFENDER
EASTERN DISTRICT OF NORTH CAROLINA
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
(919) 856-4236

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 4,027 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Garamond font.

/s/ Andrew DeSimone
Andrew DeSimone