**Office of the Federal Public Defender**

**G. Alan DuBois**
*Federal Public Defender*

Eastern District of North Carolina
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601

Phone (919) 856-4236
Toll-Free (888) 603-5571
Fax (919) 856-4477
Website http://nce.fd.org

June 30, 2023

Ms. Patricia S. Connor
Clerk, United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219-3517

Re:  *United States v. Larento Valentino Grady,* No. 22-6693
      Rule 28(j) Letter

Dear Ms. Connor:

This Court's recent decision in *United States v. Burman*, No. 21-7200, 2023 U.S. App. LEXIS 16342 (4th Cir. June 28, 2023), supports Mr. Grady's argument in Issue II that the district court abused its discretion by relying on an erroneous factual premise. In *Burman*, the defendant was convicted of conspiracy to distribute five kilograms or more of *cocaine* and possession with intent to distribute 500 grams or more of *cocaine* and was sentenced to 360 months in prison. *Id.* at *5-6. The defendant filed a motion for compassionate release. *Id.* at *7. The district court denied the motion and a motion for reconsideration, explaining that the Section 3553(a) factors did not favor a sentence reduction because "he participated in a large conspiracy to distribute between 15 and 50 kilograms of *cocaine base*." *Id.* at *8-9 (emphasis added). This Court reversed, holding the district court "abused its discretion in relying on the erroneous factual premise that he participated in a conspiracy to distribute 15 to 50 kilograms

of *cocaine base*." *Id.* at *9. Finding the error was not harmless, this Court vacated and remanded for reconsideration. *Id.* at *9-10.

Similarly, Mr. Grady repeatedly asked the district court to "reduce his sentence." He did not ask for immediate release. But in denying Grady's motion for compassionate release, the district court twice ruled that the Section 3553(a) factors "*weigh against release*" and "*weigh strongly against release.*" JA051-052 (emphases added). In so ruling, the district court acted under the factual misapprehension that Grady requested immediate release. Moreover, the government did not even argue that this error was harmless and could not have met its burden if it had tried. Gov't Br. 24-27. Thus, just as in *Burman*, the district court "abused its discretion in relying on [an] erroneous factual premise[,]" the error prejudiced Mr. Grady, and this Court should therefore vacate and remand for reconsideration. *Id.* at *9-10.

                                          Sincerely,

                                          G. ALAN DuBOIS
                                          Federal Public Defender

                                          */s/ Andrew DeSimone*
                                          ANDREW DeSIMONE
                                          Assistant Federal Public Defender

cc:    Rudy E. Renfer, Assistant United States Attorney
        Michael F. Easley, Jr., United States Attorney
        Larento Valentino Grady